FILED

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PENELOPE JOHNSON and
LARRY JOHNSON,

       Plaintiffs,

       v.

ETHEX CORPORATION,
KV PHARMACEUTICAL
COMPANY and THER-RX
CORPORATION,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.

6:09-cv-1706-ORL-31GJK

**COMPLAINT AND
JURY DEMAND**

## COMPLAINT AND
## DEMAND FOR JURY TRIAL

      Plaintiffs PENELOPE JOHNSON and LARRY JOHNSON, by and through their

undersigned attorneys, hereby sue the Defendants, ETHEX CORPORATION, a Delaware

Corporation which has its principle place of business at 3100 Corporate Exchange Boulevard,

Bridgeton, Missouri, KV PHARMACEUTICALS COMPANY, a Delaware Corporation which

has its principle place of business at 2503 South Handley Road, Saint Louis, Missouri, and

THER-RX CORPORATION, a Missouri Corporation which has its principle place of business at

1 Corporate Woods Drive, Bridgeton, MO 63044, allege and state the following:

### NATURE OF THE CASE

      1.  Plaintiffs bring this action against Defendants for injuries, including but not limited

to respiratory and kidney failure, which were suffered by Plaintiff PENELOPE JOHNSON after

she used morphine sulfate 60 mg extended release tablets (hereinafter Morphine) that were defectively manufactured, designed, marketed, promoted, distributed and/or sold by KV PHARMACEUTICAL COMPANY ("KV"), ETHEX CORPORATION ("ETHEX"), and THER-RX CORPORATION (THER-RX).

2. Defendants, KV designed, researched, manufactured, tested, sought approval by the United States Food and Drug Administration (hereinafter "FDA") and advertised, promoted, marketed, sold and/or distributed Morphine through Defendant, ETHEX and THER-RX for the treatment of pain.

3. As a result of the negligence of Defendants and the defective nature of Morphine, the drug contains more of the approved level of active ingredient than is appropriate.

4. As a result of the defective nature of the Morphine, the drug increases the risk of respiratory failure, kidney failure and death.

5. Morphine toxicity can cause nausea, vomiting, dizziness, low blood pressure, respiratory failure, renal failure, death, and other health injuries.

6. At all times relevant hereto, Defendants misrepresented the safety of Morphine and negligently designed, manufactured, marketed, advertised, promoted, sold and/or distributed Morphine as a safe and effective medication to treat pain.

7. At all times relevant hereto, Defendants failed to warn of the dangers of Morphine including, but not limited to, the fact that the Morphine manufactured by Defendants contained more of the approved level of active ingredient than is appropriate.

8. At all times relevant hereto, Defendants knew, had reason to know, or should have known, that Morphine was defective thereby defrauding Plaintiff, physicians, patients and the

population-at-large while accelerating the risk of Morphine toxicity leading to, in some patients, nausea, vomiting, dizziness, low blood pressure, respiratory failure, kidney failure, death, and other injuries.

9. At all times relevant hereto, Defendants knew, had reason to know, or should have known, that its representations that Morphine was safe and effective were materially false and misleading.

10. As a result of the defective nature of Defendants' product, Morphine fails to safely treat pain thereby placing patients at an increased risk of serious injury, including death. Defendants knew, had reason to know, or should have known of the defective nature of her product and the resulting risk of injuries and deaths, but failed to warn Plaintiff and/or her physicians, preventing Plaintiff, her physicians, and/or the medical community from making informed choices about the selection of pain medications.

11. As a result of the defective nature of Defendants' product, Morphine increases the risk of Morphine toxicity thereby increasing the risk of injuries and death. Defendants knew, had reason to know, or should have known of the defective nature of her product and the resulting risk of injuries and deaths, but failed to warn Plaintiff and/or her physicians, preventing Plaintiff, her physicians, and/or the medical community from making informed choices about the selection of pain medications.

12. Upon information and belief, Defendants concealed their knowledge of the defects in their products from the Plaintiff, her physicians, hospitals, pharmacists and/or the FDA.

13. Consequently, Plaintiffs seek compensatory damages as a result of Plaintiff PENELOPE JOHNSON's use of Morphine which caused, may cause and/or continues to cause Plaintiff to suffer economic loss, physical pain, mental anguish, medical and other expenses.

14. Further, Plaintiffs seek equitable and other relief for themselves to compensate them, in whole or in part, for the following economic issues which confront them as a result of her reliance upon the safety of Morphine:

      a) the increased cost of medical expenses including, but not limited to, those un-reimbursed by insurance policies, those uninsured, and/or the payment of higher insurance rates due to her use of Morphine;

      b) Return of any purchase price paid, including, but not limited to, insurance co-payments, interest on these amounts from the date of purchase, attorneys' fees and costs, non-pecuniary damages, as well as any other legal or equitable relief to which Plaintiffs may be entitled;

      c) whatever further relief the Court deems just and proper under the circumstances.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs. Venue is proper in this District, because Plaintiffs are residents of this District and Defendants conducts business within the District.

16. At all times relevant hereto, KV was engaged in the business of manufacturing, designing, marketing, promoting, selling, and/or distributing Morphine.

17. At all times relevant hereto, ETHEX and THER-RX were engaged in the business of manufacturing, marketing, promoting, selling, and/or distributing Morphine.

18. ETHEX, KV and THER-RX placed defective Morphine into the stream of interstate and worldwide commerce.

19. As a direct and proximate result of Defendants' placement of defective Morphine into the stream of commerce, Plaintiffs suffered both economic and noneconomic damages and will continue to suffer such damages indefinitely.

20. Plaintiffs have incurred and will continue to incur significant economic and noneconomic damages.

21. At all times relevant hereto, Defendants were present and doing business in the State of Florida and in the Middle District of Florida. At all relevant times, Defendants transacted, solicited, and conducted business in the State of Florida and derived substantial revenue from such business.

22. At all relevant times, Defendants expected or should have expected that its acts would have consequences within the United States of America, and the Middle of Florida, in particular.

## PARTIES

23. Plaintiff PENELOPE JOHNSON is a resident of the United States of America, State of Florida, County of Seminole.

24. Plaintiff LARRY JOHNSON is the spouse of PENELOPE JOHNSON and is a resident of the United States of America, State of Florida, County of Seminole.

25. Plaintiff PENELOPE JOHNSON purchased, used, and suffered adverse effects from Morphine, including respiratory failure, kidney failure and other serious injuries.

26. Defendant, ETHEX CORPORATION, is a corporation organized and existing under the laws of the State of Missouri. Its principle place of business is located at 3100 Corporate Exchange Boulevard, Bridgeton, Missouri. It is engaged in the production of pharmaceutical products, including Morphine, sold throughout the United States and the State of Florida, doing business in the State of Florida and purposely availing itself in those markets.

27. Defendant, KV PHARMACEUTICAL COMPANY, is a corporation organized and existing under the laws of the State of Delaware. Its principal place of business is located at 2503 South Handley Road, Saint Louis, Missouri. It is engaged in the production of pharmaceutical products, including Morphine, sold throughout the United States and in the State of Florida, doing business in the State of Florida and purposely availing itself in those markets.

28. Defendant, THER-RX CORPORATION, is a corporation organized and existing under the laws of the State of Missouri. Its principal place of business is located at 1 Corporate Woods Drive, Bridgeton, MO 63044. It is engaged in the production of pharmaceutical products, including Morphine, sold throughout the United States and in the State of Florida, doing business in the State of Florida and purposely availing itself in those markets.

## GENERAL ALLEGATIONS

29. On June 9, 2008, the FDA announced that ETHEX and THER-RX, subsidiaries of KV, were recalling a single lot of morphine sulfate 60 mg extended release tablets due to the possibility that oversized tablets may have been released at the wholesale and retail levels.

30. The FDA reported in the recall notice that the "[o]versized tablets may contain as much as two times the labeled level of active morphine sulfate."

[http://www.fda.gov/oc/po/firmrecalls/ethex06_08.html]

31. Initially, Defendants' recall notice asserted that no other dosage strength or other lot of the 60 mg strength was affected by the recall. *Id.*

32. According to the Defendants' own FDA press release "opioids such as morphine have life-threatening consequences if overdosed. Those consequences can include respiratory depression (difficulty or lack of breathing), and low blood pressure." *Id.*

33. On June 13, 2008, the FDA announced that Defendants had expanded their earlier recall to include numerous Morphine lots manufactured from June 2006 through May 2008.

34. On December 23, 2008, Defendants announced a recall of their Hydromorphine HCl 2mg tablets (lot # 90219, Exp. 03/2010, NDC # 58177-0620-04).

35. On or about January 28, 2009, Defendants expanded their recall to include additional generic products, including Propafenone HCl, Isosorbide Mononitrate extended release tablets, Morphine extended and immediate release tablets and Dextroamphetamine sulfite. The announcement warned that the tablets may have been manufactured with more than the intended dose and that "overdoses can include arrhythmias and low blood pressure with Propafenone HCl; fainting and low blood pressure with Isosorbide Mononitrate; respiratory depression and low blood pressure with Morphine Sulfate; and rapid heart rate and high blood pressure with Dextroamphetamine Sulfate" all of which could result in death.

36. On January 28, 2009, the Defendants announced another recall, which included Oxycodone, as well as all other drugs manufactured by Defendants. The recall was initiated as

a result of the tablets being oversized which can result in respiratory depression, low blood pressure and death.

37. In February of 2009, the Defendants expanded the recall yet again which included the recall of prescription iron and prenatal supplements.

38. Defendants eventually suspended shipments for all FDA-approved drugs. In total, more than 60 products were suspended from the market as a result of the Defendants' products containing more active ingredients than is appropriate, including Defendants' narcotics, cardiac drugs and prenatal and iron supplement products.

39. On or about March 2, 2009, the FDA announced a Consent Decree of permanent injunction enjoining Defendants, KV PHARMACEUTICAL COMPANY and its subsidiaries ETHEX CORPORATION and THER-RX CORPORATION, and their principle officers, from manufacturing and distributing adulterated and unapproved drugs.

40. The recalls discussed above, which occurred at the wholesale and retail levels, and FDA action discussed herein occurred as a result of the Defendants violation of Federal Regulations, including current Good Manufacturing Practices.

41. Defendants negligently designed, manufactured, marketed, advertised, promoted, sold and/or distributed the subject Morphine which was unreasonably dangerous in normal use in that the defective drug has more of the approved level of active ingredient than is appropriate.

42. Defendants failed to adequately warn users of the defective drug of its unreasonably dangerous characteristics.

43. Defendants owed a legal duty to Plantiff to manufacture and sell Morphine without hidden and concealed defects.

44. Defendants breached such duty which proximately caused Plantiffs' injuries.

45. Defendants knew or, in the exercise of reasonable care, should have known that its drug was defective and consumers, such as Plantiff, might have reasonably been expected to use the drug and be affected by its defective condition.

46. This defective condition is a direct and proximate cause of Plantiff's injuries.

### EQUITABLE TOLLING OF APPLICABLE STATUTES OF LIMITATIONS

47. The running of any statute of limitations has been tolled by reason of Defendants' fraudulent concealment. Defendants, through failing to disclose a known defect to physicians or consumers, including Plaintiff, and misrepresenting their product as safe for its intended use, actively concealed from Plaintiff and Plaintiff's prescribing physicians the true risks associated with Morphine.

48. As a result of Defendants' actions, Plaintiff and her prescribing physicians were unaware, and could not reasonably known or have learned through reasonable diligence of the manufacturing defect and that Plaintiff had been exposed to the risks alleged herein and that those risks were a direct and proximate result of Defendants' acts and omissions.

49. Furthermore, Defendants are estopped from relying on any statute of limitations because of their fraudulent concealment of the defective nature of Morphine. Defendants were under a duty to disclose the true character, quality, and nature of Morphine because this was non-public information over which the Defendants had, and continue to have, exclusive control, and because Defendants knew that this information was not available to the Plaintiff, medical providers and/or to their facilities. In addition, the Defendants are estopped from relying on any statute of limitations because of their concealment of these facts.

50. Plaintiff had no knowledge that Defendants were engaged in the wrongdoing alleged herein. Because of the fraudulent acts of concealment of wrongdoing by the Defendants, the Plaintiff could not have reasonably discovered the wrongdoing at any time prior. Plaintiff and medical professionals could not have possibly conducted studies to determine the nature, extent and identity of related health risks dealing with the manufacturing defect of Defendants' drug and were forced to rely only on Defendants' representations.

**COUNT I**
**NEGLIGENCE**
**(AGAINST DEFENDANTS KV PHARMACEUTICAL COMPANY, ETHEX CORPORATION AND THER-RX CORPORATION)**

51. Plaintiffs repeat, reiterate and reallege paragraphs 1-50 of this Complaint with the same force and effect as if fully set forth herein.

52. Defendants had a duty to exercise reasonable care in manufacturing, marketing, supplying, promoting, packaging, Selling, and/or distributing Morphine into the stream of commerce, including a duty to assure that the product would work as intended, marketed, promoted, and/or advertised and/or did not cause users to suffer unreasonable, dangerous side effects.

53. Defendants failed to exercise ordinary care in the manufacturing, marketing, supplying, promoting, packing, sale, testing, quality assurance, quality control and/or distribution of Morphine into interstate commerce in that Defendants knew or should have known that the product was defective, did not function as intended and/or created a high risk of unreasonable, dangerous side effects, including, but not limited to, nausea, vomiting, dizziness, low blood pressure, respiratory failure, kidney failure, and death, as well as other severe and permanent health consequences.

54. The negligence of the Defendants, their agents, servants, and/or employees, included, but was not limited to, the following acts and/or omissions:

a.  manufacturing, producing, promoting, formulating, creating and/or designing Morphine without thoroughly testing it;

b.  manufacturing, producing, promoting, formulating, creating and/or designing Morphine without adequately testing it;

c.  not conducting sufficient testing programs to determine whether or not the aforesaid product was safe for use in that Defendants knew or should have known that Morphine was unsafe and unfit for use by reason of the dangers to its users and/or because of the negligent manufacturing of the product;

d.  selling Morphine without making proper and sufficient tests to determine the dangers to its users;

e.  negligently failing to adequately and correctly warn the Plaintiff, the public, the medical and healthcare profession, and/or the FDA of the dangers and negligent manufacture of Morphine;

f.  negligently failing to recall or otherwise notify users at the earliest date that it became known or when it should have become known that said product was, in fact, dangerous and defective;

g.  failing to test Morphine and/or failing to adequately, sufficiently and properly test Morphine;

h.  negligently advertising and recommending the use of the aforesaid drug without sufficient knowledge as to its manufacturing defect and dangerous propensities;

i.  negligently representing that Morphine was safe for its intended purpose when, in fact, its safety is questionable;

j.  negligently manufacturing Morphine in a manner which was dangerous to its users;

k.  negligently designing Morphine in a manner which was dangerous to its users;

l.  negligently producing Morphine in a manner which was dangerous to its users;

m.  negligently assembling Morphine in a manner which was dangerous to its users;

n.  concealing information concerning reports of adverse effects from the Plaintiff in knowing that Morphine was unsafe, dangerous and non-conforming with accepted industry standards; and

o.  improperly concealing and/or misrepresenting information from the Plaintiff, her healthcare professionals and/or the public, concerning the severity of risks and dangers of Morphine and/or the manufacturing defect.

55. Defendants under-reported, underestimated and/or downplayed the serious dangers and the defective nature of Morphine.

56. Defendants were negligent in the designing, researching, supplying, manufacturing, promoting, packaging, distributing, testing, advertising, warning, marketing and sale of Morphine in that they:

a.  failed to use due care in designing and manufacturing Morphine so as to avoid the aforementioned risks when Morphine was used for its intended purpose;

b.  failed to accompany their product with proper warnings regarding all possible adverse side effects concerning the failure and/or defective nature of Morphine;

    c.  failed to accompany their product with proper and/or accurate warnings regarding all possible adverse side effects associated with the use of Morphine given its defective nature;

    d.  failed to warn Plaintiff of the severity and duration of such adverse side effects, as the warnings given did not accurately reflect the defective nature of the product;

    e.  failing to conduct testing, including clinical testing and post-marketing surveillance to determine the safety of Morphine;

    f.  failing to warn Plaintiff prior to actively encouraging the sale of Morphine, either directly or indirectly, orally or in writing, about the defective nature of the product; and

    g.  were otherwise negligent.

57. Upon information and belief, despite the fact that Defendants knew or should have known that Morphine caused unreasonably dangerous side effects due to its manufacturing defect, Defendants continued to market, manufacture, distribute and/or sell Morphine to consumers, including the Plaintiff.

58. Defendants knew or should have known that consumers such as Plaintiff would foreseeably suffer injury, both physical and economic, and/or be at an increased risk of suffering injury as a result of Defendants' failure to exercise ordinary care, as well as Defendants' negligent manufacturing process, as set forth above.

59. Defendants knew or should have known that consumers such as the Plaintiff would foreseeably suffer injury, and/or be at increased risk of suffering injury, including personal

injuries and financial harm, as a result of Defendants' failure to exercise ordinary care, as well as Defendants' negligent manufacturing process, as set forth above.

60. Defendants' negligence was the proximate cause of Plaintiff's injuries, harm and economic loss which she suffered and will continue to suffer.

61. By reason of the foregoing, Plaintiff experienced and/or is at risk of experiencing serious and dangerous side effects, as well as has incurred financial damage and injury.

62. As a result of the foregoing acts and omissions, the Plaintiff requires and/or will require more health care and services and did incur medical, health, incidental, and related expenses. Plaintiff is informed and believes and further alleges that Plaintiff will in the future be required to obtain further medical and/or hospital care, attention, and services.

63. WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory, treble, and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT II
### NEGLIGENCE *PER SE*
### (AGAINST DEFENDANTS KV PHARMACEUTICAL COMPANY, ETHEX CORPORATION AND THER-RX CORPORATION)

64. Plaintiffs repeat, reiterate and reallege paragraphs 1-50 of this Complaint with the same force and effect as if fully set forth herein.

65. Defendants have an obligation not to violate the law.

66. Defendants have violated the Federal Food, Drug and Cosmetic Act, 21, U.S.C. 331(a) by introducing and causing to be introduced, and delivering and causing to be delivered for introduction into the interstate commerce articles of drugs, as defined by 21 U.S.C. § 321(g)(1) (hereafter "drug" or "drugs"), that are adulterated within the meaning of 21 U.S.C. §

351(a)(2)(B), in that they have been manufactured, processed, packed, labeled, held, and distributed in violation of current good manufacturing practice ("CGMP") requirements, 21 U.S.C. § 351(a)(2)(B) and 21 C.F.R. Parts 210 and 211.

67. Defendants violated 21 U.S.C. § 331(k), by causing the adulation within the meaning of 21 U.S.C. § 351(a)(2)(B) of articles of drugs after shipment of one or more of their components in interstate commerce.

68. Defendants violated 21 U.S.C. § 331(d), by introducing and causing to be introduced, and delivering and caused to be delivered for introduction, into the interstate commerce new drugs, as defined by 21 U.S.C. § 321(p), that are neither approved pursuant to 21 U.S.C. § 355(a), nor exempt from approval pursuant to 21 U.S.C. § 355(i).

69. Defendants violated 21 U.S.C. § 331(a), by introducing or delivering, or causing to be introduced or delivered, into the interstate commerce drugs that are misbranded within the meaning of 21 U.S.C. § 352(f)(l).

70. Defendants violated 21 U.S.C. § 331(k), by causing drugs that Defendants hold for sale after shipment of one or more of their components in interstate commerce to become misbranded within the meaning of 21 U.S.C. § 352 (f)(l),

71. The Plaintiff, as a purchaser and consumer of Morphine, is within the class of persons that the aforementioned statues are designed to protect.

72. Injury due to false, misleading and/or reckless advertising and promotion, and misbranding, misleading products and as otherwise set forth in this complaint is the specific type of harm these statutes are designed to prevent.

73. Defendants are responsible to Plaintiff for injuries incurred for their violations of the statutes described above under the doctrine of negligence per se.

74. As a direct and proximate result of the negligence and negligence per se of Defendants and each one individually and as a result of the Defendants' actions and/or inactions as set forth in this complaint, the Plaintiff was caused to suffer severe and permanent physical injuries, including but not limited to respiratory failure, kidney failure and other serious injuries. The Plaintiff endured and will continue to endure pain and suffering, both physical and emotional in nature. The Plaintiff incurred significant expenses for medical care and treatment, suffered lost wages and earning, and was otherwise physically, emotionally and economically injured. The Plaintiff has suffered severe pecuniary loss. The Plaintiff seeks actual and punitive damages from the Defendants as alleged herein.

75. WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory, treble, and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

### COUNT III
### MANUFACTURING DEFECT
### (AGAINST DEFENDANTS KV PHARMACEUTICAL COMPANY, ETHEX CORPORATION AND THER-RX CORPORATION)

76. Plaintiffs repeat, reiterate and reallege paragraphs 1-50 of this Complaint with the same force and effect as if fully set forth herein.

77. At all time material to this action, Defendants were engaged in the business of designing, developing, manufacturing, rebranding, labeling, marketing, distributing and/or selling the subject Morphine.

78. At all times material to this action, Morphine was expected to reach and did reach, consumers in the State of Florida, including the Plaintiff herein, without substantial change in the condition in which it was sold.

79. Defendants sold and/or distributed Morphine in a condition that posed unreasonable risks from reasonably anticipated use. Morphine was expected to and did reach Plaintiff without substantial change in condition from the time that it left the control of the Defendants.

80. The defective conditions alleged herein rendered Morphine unreasonably dangerous to the Plaintiff and proximately caused the injuries and damages for which this lawsuit seeks recovery.

81. At all times material to this action, Morphine was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by Defendants in a defective and unreasonably dangerous condition at the time it was placed in the stream of commerce in ways which include, but not limited to, on or more of the following particulars:

> a) When placed in the stream of commerce, Morphine contained manufacturing defects which rendered the product unreasonably dangerous;
>
> b) The subject product's manufacturing defects occurred while the product was in the possession and control of each of the Defendants;
>
> c) The subject product was not made in accordance with Defendants' specifications or performance standards; and
>
> d) The subject product's manufacturing defects existed before it left the control of Defendants.

82. As a direct and proximate result of the subject product's manufacturing defects, the Plaintiff suffered severe and permanent physical injuries, including but not limited to respiratory failure, kidney failure and other serious injuries. The Plaintiff endured and will continue to endure substantial pain and suffering, both physical and emotional in nature. The Plaintiff incurred significant expenses for medical care and treatment, suffered lost wages and earning, and was otherwise physically, emotionally and economically injured. The Plaintiff has suffered severe pecuniary loss. The Plaintiffs seeks actual and punitive damages from Defendants as alleged herein.

83. WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory, treble, and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**COUNT IV**
**FAILURE TO WARN**
**(AGAINST DEFENDANTS KV PHARMACEUTICAL COMPANY, ETHEX**
**CORPORATION AND THER-RX CORPORATION)**

84. Plaintiffs repeat, reiterate and reallege paragraphs 1-50 of this Complaint with the same force and effect as if fully set forth herein.

85. Defendants knew, or in the light of reasonably available knowledge, should have known, of the danger in Morphine that caused the damage for which recovery is sought. The ordinary user or consumer of Morphine would not have realized such dangers.

86. Defendants neglected to provide Plaintiff with warnings that reasonably could have been expected to catch the attention of a reasonably prudent person under similar circumstances taking into account the characteristics of, and the ordinary knowledge common to an ordinary consumer who purchases the product. Further, Defendants failed to provide warnings which

could accurately advise ordinary consumer of the scope, severity and likelihood of serious injury resulting from use of its product. Had such warnings been provided, the injuries and damages sustained by Plaintiff could have been avoided.

87. Defendants neglected to provide Plaintiff's prescribing physician with adequate warnings to accurately advise such physician of the increased severity and likelihood of serious injury resulting from the prescribing and ingestion of Morphine to patients such as Plaintiff.

88. Defendants' product failed to function as expected and there existed feasible design alternatives equally effective and useful that would have had a reasonable probability of preventing the harms sustained by the Plaintiff.

89. That at all times hereinafter mentioned, upon information and belief, Defendants assumed a strict products liability to persons using Morphine, including Plaintiff, who sustained injuries, harm and damages by reason of the use of Morphine for purposes directly and indirectly advertised, marketed, and promoted by Defendants, including for the treatment of pain.

90. As a direct and proximate result of the subject product's defective and inappropriate warnings, the Plaintiff suffered severe and permanent physical injuries, including but not limited to respiratory failure, kidney failure and other serious injuries. The Plaintiff endured substantial conscious pain and suffering, both physical and emotional in nature. The Plaintiff incurred significant expenses for medical care and treatment, suffered lost wages and earning, and was otherwise physically, emotionally and economically injured. The Plaintiff has suffered severe pecuniary loss. The Plaintiff seeks actual and punitive damages from Defendants as alleged herein.

91. WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory, treble, and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT V
## BREACH OF EXPRESS WARRANTY
## (AGAINST DEFENDANTS KV PHARMACEUTICAL COMPANY, ETHEX CORPORATION AND THER-RX CORPORATION)

92. Plaintiffs repeat, reiterate and reallege paragraphs 1-50 of this Complaint with the same force and effect as if fully set forth herein.

93. Defendants expressly warranted that Morphine was safe and well accepted by users.

94. Morphine does not conform to these express representations because the prescription drug is not safe and it is associated with numerous side effects not accurately warned about by Defendants. As a direct and proximate result of the breach of said warranties, Plaintiff suffered, will continue to suffer, and/or is at an increased risk to suffer, severe and permanent personal injuries, harm, and/or economic loss.

95. Plaintiff did rely on the express warranties of the Defendants herein.

96. Members of the medical community, including physicians and/or other healthcare professionals, relied upon the representations and warranties of the Defendants in recommending and/or prescribing Morphine.

97. The Defendants herein breached the aforesaid express warranties, as Morphine was defective.

98. Defendants expressly represented to Plaintiff, and/or her physicians, healthcare providers, and/or the FDA that Morphine is safe, efficacious, and fit for use for the purposes intended, that the prescription drug is of merchantable quality, that Morphine did not produce

any dangerous side effects in excess of those risks associated with other non-defective drugs of the same class, that the side effects the prescription drug did produce were accurately reflected in the warnings, and that Morphine was adequately tested and fit for its intended use.

99. Defendants knew or should have known that the aforesaid representations and warranties are false, misleading and untrue in that Morphine is not fit for the use intended and, in fact, produced serious injuries to the users that are not accurately identified and represented by the Defendants because Morphine was negligently manufactured.

100. By reason of the foregoing, Plaintiff experienced, and/or is at risk of experiencing, serious and dangerous side effects, as well as has incurred financial damage and injury.

101. As a result of the foregoing acts and omissions, the Plaintiff requires, and/or will require, more health care and services and did incur medical, health, incidental, and related expenses. Plaintiff is informed, and believes, and further alleges, that Plaintiff will in the future be required to obtain further medical and/or hospital care, attention, and services.

102. WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory, treble, and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT VI
## BREACH OF IMPLIED WARRANTY
### (AGAINST DEFENDANTS KV PHARMACEUTICAL COMPANY, ETHEX CORPORATION AND THER-RX CORPORATION)

103. Plaintiffs repeat, reiterate and reallege paragraphs 1-50 with the same force and effect as if fully set forth herein.

104.   At all times herein, Defendants manufactured, compounded, portrayed, distributed, recommended, merchandised, advertised, promoted, and sold Morphine for the treatment of pain.

105.   At the times Defendants marketed, sold, and distributed Morphine for use by Plaintiff, Defendants knew of the use for which Morphine was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

106.   The Defendants impliedly represented and warranted to Plaintiff, her physicians, healthcare providers and/or the FDA that Morphine was safe and of merchantable quality and fit for the ordinary use for which it was to be used.

107.   Said representations and warranties aforementioned are false, misleading, and inaccurate in that Morphine is unsafe, unreasonably dangerous, improper, not merchantable quality, and defective.

108.   Plaintiff, members of the medical community and/or healthcare professionals relied on said implied warranty of merchantability of fitness for a particular use and purpose.

109.   Plaintiff, her physicians and/or healthcare professionals reasonably relied upon the skill and judgment of Defendants as to whether Morphine is of merchantable quality and safe and fit for its intended use.

110.   Morphine was placed into the stream of commerce by Defendants in a defective, unsafe, and inherently dangerous condition and the products and materials were expected to, and did, reach users, handlers, and persons coming into contact with said product without substantial change in the condition in which they were sold.

111.   The Defendants herein breached the aforesaid implied warranties, as Morphine was not fit for its intended purposes and uses.

112.   By reason of the foregoing, Plaintiff experienced, and/or is at risk of experiencing, serious and dangerous side effects, as well as has incurred financial damage and injury.

113.   As a result of the foregoing acts and omissions, the Plaintiff requires, and/or will require, more health care and services and did incur medical, health, incidental, and related expenses. Plaintiff are informed and believe, and further alleges, that Plaintiff will in the future be required to obtain further medical and/or hospital care, attention, and services.

114.   WHEREFORE,   Plaintiffs   demand   judgment   against   Defendants   for compensatory, treble, and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT VII
## FRAUDULENT MISREPRESENTATION
## (AGAINST DEFENDANTS KV PHARMACEUTICAL COMPANY, ETHEX CORPORATION AND THER-RX CORPORATION)

115.   Plaintiffs repeat, reiterate and reallege paragraphs 1-50 of this Complaint with the same force and effect as if fully set forth herein.

116.   The Defendants falsely and fraudulent represented to the medical and healthcare community, to the Plaintiff, the FDA and/or the public in general that said product, Morphine, had been tested and was found to be safe and/or effective for use.

117.   That representation made by Defendants was, in fact, false.

118. When said representations were made by Defendants, they knew those representations to be false and they willfully, wantonly, and recklessly disregarded whether the representations were true.

119. These representations were made by Defendants with the intent of defrauding and deceiving the Plaintiff, the public in general, and the medical and healthcare community in particular, and were made with the intent of inducing the public in general, and the medical and healthcare community in particular, to recommend, dispense and/or purchase said product Morphine for the treatment of pain, all of which evinced a callous, reckless, willful, depraved indifference to the health, safety and welfare of the Plaintiff.

120. At the time the aforesaid representations were made by the Defendants and, at the time the Plaintiff used Morphine, the Plaintiff was unaware of the falsity of said representations and reasonably believed them to be true.

121. In reliance upon said representations, the Plaintiff was induced to, and did, purchase and use Morphine, thereby sustaining damage and injury and/or being at an increased risk of sustaining severe and permanent personal injuries in the future.

122. Said Defendants knew, and were aware, or should have been aware, that Morphine had not been sufficiently tested, was defectively manufactured and/or lacked adequate and/or sufficient warnings.

123. Defendants knew, or should have known, that Morphine had a potential to, could, and would cause severe and grievous injury to the users of said product.

124. Defendants brought Morphine to the market and acted fraudulently, wantonly, and maliciously to the detriment of the Plaintiff.

125.   By reason of the foregoing, Plaintiff experienced, and/or is at risk of experiencing, serious and dangerous side effects, as well as has incurred financial damage and injury.

126.   As a result of the foregoing acts and omissions, the Plaintiff requires and/or will require more health care and services and did incur medical, health, incidental, and related expenses. Plaintiff is informed and believes and further alleges that Plaintiff will in the future be required to obtain further medical and/or hospital care, attention, and services.

127.   WHEREFORE,   Plaintiffs   demand   judgment   against   Defendants   for compensatory, treble, and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT VIII
## FRAUDULENT CONCEALMENT
## (AGAINST DEFENDANTS KV PHARMACEUTICAL COMPANY, ETHEX CORPORATION AND THER-RX CORPORATION)

128.   Plaintiffs repeat, reiterate and reallege paragraphs 1-50 of this Complaint with the same force and effect as if fully set forth herein.

129.   At all times during the course of dealing between Defendants and Plaintiff, Plaintiff's healthcare providers and/or the FDA, Defendants misrepresented the safety of Morphine.

130.   At all times during the course of dealing between Defendants and Plaintiff, Plaintiff's healthcare providers and/or the FDA, Defendants misrepresented the safety of the subject Morphine product in that the drug contains more than the approved level of active ingredient than is appropriate and was negligently manufactured in this regard.

131. Defendants knew, or were reckless in not knowing, that its representations were false.

132. Defendants fraudulently concealed, and/or intentionally omitted, the fact that Morphine contains more than the approved level of active ingredient than is appropriate and was negligently manufactured in this regard.

133. Defendants fraudulently concealed, and/or intentionally omitted, the fact that the risk of adverse events with the negligently manufactured Morphine were not adequately tested for and/or known by Defendants.

134. Defendants fraudulently concealed, and/or intentionally omitted, the fact that Defendants were aware of complaints regarding adverse side effects since at least June of 2006 and did nothing.

135. Defendants fraudulently concealed, and/or intentionally omitted, the fact that Morphine was negligently manufactured.

136. Defendants were under a duty to disclose to Plaintiff and/or her physicians, hospitals, healthcare providers, and/or the FDA, the aforementioned as it pertains to Morphine.

137. Defendants' concealment and omissions of material facts concerning, *inter alia*, the negligent manufacture of Morphine was made purposefully, willfully, wantonly, and/or recklessly to mislead Plaintiff and/or her physicians, hospitals and/or healthcare providers into reliance, continued use of Morphine and actions thereon, and to cause them to purchase, recommend, dispense and/or use Morphine.

138. Defendants' concealment and omissions of material facts concerning, *inter alia*, the negligent manufacture of Morphine was made purposefully, willfully, wantonly, and/or

recklessly to mislead Plaintiff and/or her physicians, hospitals, and healthcare providers into reliance, continued use of Morphine and actions thereon, and to cause them to purchase, recommend, dispense and/or use Morphine solely for Defendants' financial gain and without regard for the safety of the customers, including the Plaintiff.

139.   Defendants knew that Plaintiff, her physicians, hospitals, healthcare providers, and/or the FDA had no way to determine the truth behind Defendants' concealment and omissions and that these included material omissions of facts surrounding Morphine as alleged herein.

140.   Plaintiff as well as her doctors, healthcare providers and/or hospitals reasonably relied on facts revealed which negligently, fraudulently and/or purposefully did not include facts that were concealed and/or omitted by Defendants.

141.   By reason of the foregoing, Plaintiff experienced, and/or is at risk of experiencing, serious and dangerous side effects, as well as has incurred financial damage and injury.

142.   As a result of the foregoing acts and omissions, the Plaintiff requires and/or will require more health care and services and did incur medical, health, incidental, and related expenses. Plaintiff is informed and believes and further alleges that Plaintiff will in the future be required to obtain further medical and/or hospital care, attention, and services.

143.   WHEREFORE,   Plaintiffs   demand   judgment   against   Defendants   for compensatory, treble, and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT IX
## VIOLATION OF CONSUMER PROTECTION STATUTES
## (AGAINST DEFENDANTS KV PHARMACEUTICAL COMPANY, ETHEX CORPORATION AND THER-RX CORPORATION)

144.  Plaintiffs repeat, reiterate and reallege paragraphs 1-50 of this Complaint with the same force and effect as if fully set forth herein.

145.  Defendants' actions are deceptive and in clear violation of FDUTPA, entitling Plaintiffs to damages and relief under Fla. Stat. §§ 501.201-213.

146.  Plaintiff is a consumer within the meaning of FDUTPA, who was deceptively and unlawfully induced to purchase the subject Morphine product by Defendants.

147.  Florida Statutes, Section 501.204 makes unfair and/or deceptive trade practices in the conduct of any trade or commerce illegal.

148.  Florida Statutes, Section 501.211 creates a private right of action for individuals who are aggrieved by an unfair and/or deceptive trade practice by another person.

149.  Florida Statutes, Section 501.2105 provides that the prevailing party in litigation arising from a cause of action pursuant to Chapter 501 shall be entitled to recover attorney's fees within the limitations set forth therein form the non prevailing party.

150.  Florida Statutes, Section 501.213 provides that any remedies available under Chapter 501 are in addition to any other remedies otherwise available for the same conduct under state or local law.

151.  Florida Statutes, Section 501.203 (3)(c) states that a person has violated the Florida Deceptive and Unfair Trade Practices Act if he violates "any law, statute, rule, regulation, or ordinance which proscribes unfair, deceptive, or unconscionable acts or practices."

152.   Defendants are engaged in the practice of manufacturing, marketing, distributing, selling and otherwise placing into the stream of commerce the subject Morphine which constitutes trade and commerce as defined by Sections 501.203(8) Fla. Stat., and is therefore subject to FDUPTA.

153.   Defendants' acts constitute unconscionable, deceptive, or unfair acts or practices in violation of FDUTPA.

154.   As a result of Defendants' unfair and deceptive trade practices, Plaintiffs are entitled to an award of attorney's fees pursuant to FDUTPA, Florida Statutes, Section 501.2105, if he prevails.

155.   WHEREFORE,   Plaintiffs   demand   judgment   against   Defendants   for compensatory, treble, and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT X
## UNJUST ENRICHMENT
## (AGAINST DEFENDANTS KV PHARMACEUTICAL COMPANY, ETHEX CORPORATION AND THER-RX CORPORATION)

156.   Plaintiffs repeat, reiterate and reallege paragraphs 1-50 of this Complaint with the same force and effect as if fully set forth herein.

157.   As an intended and expected result of their conscious wrongdoing, Defendants have profited and benefited from the purchases of the subject Morphine product by Plaintiff.

158.   Defendants have voluntarily accepted and retained these profits and benefits, derived from the Plaintiff and others, with full knowledge and awareness that, as a result of Defendants' fraud and other conscious and intentional wrongdoing, Plaintiff did not receive a

product of the quality, nature or fitness that had been represented by Defendants or that Plaintiff, as a reasonable consumer, expected.

159. By virtue of the conscious wrongdoing alleged in this Complaint, Defendants have been unjustly enriched at the expense of the Plaintiff, who is entitled to it in equity, and hereby seeks the disgorgement and restitution of Defendants' wrongful profits, revenue and benefits, to the extent, and in the amount, deemed appropriate by the Court; and such other relief as this Court deems just and proper to remedy the Defendants' unjust enrichment.

160. WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory, treble, and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**COUNT XI**
**LOSS OF CONSORTIUM**
**(AGAINST DEFENDANTS KV PHARMACEUTICAL COMPANY, ETHEX CORPORATION AND THER-RX CORPORATION)**

161. Plaintiffs repeat, reiterate and reallege paragraphs 1-50 of this Complaint with the same force and effect as if fully set forth herein.

162. Plaintiff PENELPOE JOHNSON's spouse, LARRY JOHNSON, sustained a loss of consortium as a result of the injuries and damages sustained by Plaintiff, PENELOPE JOHNSON, incident to her use of Defendants Morphine product. Plaintiff, LARRY JOHNSON's damages include, but are not limited to, a loss of society, companionship, services, support, and care. All such losses are permanent and continuing in nature.

163. WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory, treble, and punitive damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

164.   Plaintiffs hereby demand a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

165.   WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

    a.   Damages in an amount to be determined at trial;

    b.   Pre-judgment and post-judgment interest at the maximum rate allowable at law;

    c.   Treble, exemplary, and/or punitive damages in an amount to be determined at trial;

    d.   The costs and disbursements incurred by Plaintiffs in connection with this action, including reasonable attorneys' fees;

    e.   All statutory damages;

    f.   Disgorgement of Defendants' profits from the sale of the subject Morphine;

    g.   Return or refund of any purchase price paid, including, but not limited to, insurance co-payments, interest on these amounts from the date of purchase, attorneys' fees and costs, non-pecuniary damages, as well as any other legal or equitable relief to which Plaintiffs may be entitled;

    h.   Such other and further relief under all applicable state and federal law; and

    i.   Any other relief the Court deems just and appropriate.

Date:   10/5/09

Respectfully submitted,

By: _____

Douglass A. Kreis (Fl. Bar: 129704)
Justin G. Witkin (Fl Bar: 0109584)
*Aylstock, Witkin, Kreis & Overholtz, PLLC*
803 N. Palafox Street
Pensacola, FL 32501
(850) 916-7450 Phone
(850) 916-7449 Facsimile
*Attorneys for Plaintiffs*